**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4477**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CLARENCE ANTWAINE ADAMS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:19-cr-00364-MOC-DSC-1)

Submitted:  June 14, 2021                                           Decided:  July 8, 2021

Before MOTZ, QUATTLEBAUM, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert C. Carpenter, ALLEN, STAHL & KILBOURNE, PLLC, Asheville, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clarence Antwaine Adams pled guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute more than 700 kilograms but less than 1000 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846 (count 1), and possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D), 851 (count 2). The district court sentenced Adams to 121 months' imprisonment on count 1 and a concurrent term of 120 months' imprisonment on count 2. On appeal, Adams' attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether trial counsel rendered ineffective assistance and whether the prosecution engaged in misconduct. Counsel also questions whether the district court erred in overruling Adams' objections and enhancing his base offense level five levels under the U.S. Sentencing Guidelines Manual (2018) for maintaining a premises for drug manufacturing or distribution and for his aggravating role. Although notified of his right to do so, Adams did not file a pro se supplemental brief. The Government did not file a response brief and does not seek enforcement of the appeal waiver in Adams' plea agreement. We affirm.

As *Anders* counsel notes, in the plea agreement, Adams agreed to "waive[] all rights to contest [his] conviction and sentence in any appeal or post-conviction action," except based on claims of ineffective assistance of counsel or prosecutorial misconduct. Because the Government does not invoke this waiver as a bar to this appeal in whole or in part, we can consider the issues raised by counsel and conduct an independent review of the record pursuant to *Anders*. *United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007).

2

Counsel questions whether trial counsel rendered ineffective assistance in communicating with Adams regarding the entry of the plea agreement and the anticipated sentence. We typically will not hear a claim of ineffective assistance of counsel made on direct appeal, *United States v. Maynes*, 880 F.3d 110, 113 n.1 (4th Cir. 2018), "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record," *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016). To demonstrate ineffective assistance of trial counsel, Adams must satisfy the two-part test set out in *Strickland v. Washington*, 466 U.S. 668 (1984). He "must show that counsel's performance was [constitutionally] deficient" and "that the deficient performance prejudiced the defense." *Id.* at 687. After review, we conclude that ineffective assistance by trial counsel does not conclusively appear on the face of the record. Such claim "should be raised, if at all, in a 28 U.S.C. § 2255 motion." *Faulls*, 821 F.3d at 508. We therefore decline to address this claim at this juncture.

Counsel questions whether the prosecution engaged in misconduct. "When asserting a prosecutorial misconduct claim, a defendant bears the burden of showing (1) that the prosecutor[] engaged in improper conduct, and (2) that such conduct prejudiced the defendant's substantial rights so as to deny the defendant a fair trial." *United States v. Alerre*, 430 F.3d 681, 689 (4th Cir. 2005). Here, Adams has failed to demonstrate that the Government engaged in any improper conduct.

Counsel also questions whether the district court erred at sentencing in overruling Adams' objections and enhancing his base offense level under the Sentencing Guidelines for maintaining a premises for drug manufacturing or distribution and for his aggravating role. "We review criminal sentences only to determine whether they are reasonable."

3

*United States v. Kobito*, 994 F.3d 696, 701 (4th Cir. 2021) (internal quotation marks and brackets omitted). "On a challenge to a district court's Guidelines calculations, we review legal conclusions de novo, factual findings for clear error, unpreserved arguments for plain error, and preserved arguments for harmless error." *Id.* (internal citation omitted).

Section 2D1.1(b)(12) of the Guidelines directs a district court to increase a defendant's base offense level two levels if the defendant "maintained a premises for the purpose of manufacturing or distributing a controlled substance." "Among the factors the court should consider in determining whether the defendant 'maintained' the premises are (A) whether the defendant held a possessory interest in (e.g., owned or rented) the premises and (B) the extent to which the defendant controlled access to, or activities at, the premises." USSG § 2D1.1 cmt. n.17. A premises may be "a building, room, or enclosure." *Id.* Manufacturing or distributing a controlled substance "need not be the sole purpose for which the premises was maintained, but must be one of the defendant's primary or principal uses for the premises, rather than one of the defendant's incidental or collateral uses for the premises." *Id.*

The district court's application of the two-level enhancement under USSG § 2D1.1(b)(12) is supported by information in the presentence report the court adopted and sentencing testimony establishing that Adams used multiple residences—including his primary residence on Red Clay Lane and a residence he occupied on South Chestnut Street—to facilitate his drug trafficking business. Items in Adams' name and several pounds of marijuana-a distribution level amount of the drug-were found in the same room in the South Chestnut Street residence, and currency, a money counter, cellular phones,

4

and a ledger with nicknames of Adams' coconspirators were seized from the Red Clay Lane residence. Adams also moved residences used for stashing drugs on four occasions.

With respect to the aggravating role enhancement, a defendant's offense level is to be enhanced by three levels if the defendant "was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." USSG § 3B1.1(b). The enhancement is proper "only if it was demonstrated that the defendant was a[] . . . manager or supervisor of *people*." *United States v. Steffen*, 741 F.3d 411, 414 (4th Cir. 2013) (internal quotation marks omitted).

The district court's application of the three-level enhancement under USSG § 3B1.1(b) is supported by sentencing testimony establishing that Adams was perceived in a supervisory role relative to members of his distribution network and used a broker working at his direction and control to distribute drugs. We thus discern no reversible error in the district court's application of this enhancement and the enhancement under § 2D1.1(b)(12).

In accordance with *Anders*, we also have reviewed the remainder of the record and have found no meritorious issues for appeal. We therefore affirm the criminal judgment. This court requires that counsel inform Adams, in writing, of the right to petition the Supreme Court of the United States for further review. If Adams requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Adams.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*